IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WILLIAMS,  :   Plaintiff, | : Civil Action No. 18-00011 : : |
| v. | : Magistrate Judge Keith Pesto : |
| LITTLE, et al.,  Defendants. | : : Electronically Filed. : |

## MOTION TO REVOKE IFP STATUS

AND NOW comes Defendant Ginter, by their counsel Yana L. Warshafsky, Deputy Attorney General, and in support of the Motion to Revoke Plaintiff's IFP status, state the following:

1. On January 18, 2018, Plaintiff files a motion to proceed *in forma pauperis*, which this Court granted on May 24, 2018, after Plaintiff supplied his inmate account statement.

2. In that same Order, granting his IFP status, this Court recommended that certain claims be dismissed, with the exception of a single claim against Defendant Ginter, arising out of the environmental tobacco smoke (ETS), which this Court recommended be permitted to proceed. (ECF No. 6).

3. The Prison Litigation Reform Act (PLRA), known as the three strikes provision, reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g).

   4. A Plaintiff's IFP status may be revoked at any time that the improperly obtained status is determined, either on motion or by the Court, *sua sponte*. See <u>Love v. NJ Dept. of Correction</u>, 2011 WL 345964 (D. N.J.); <u>Bronson v. Overton, et. al.</u>, 2010 WL 2512345 (W.D. Pa.).

   5. A dismissal for lack of jurisdiction constitutes a strike. <u>Bailey v. Miller</u>, 943 A.2d 1007 (Pa. Cmwlth. 2008). A dismissal for failure to follow proper procedure constitutes a strike. <u>Richardson v. Thomas</u>, 964 A.2d 61 (Pa. Cmwlth. 2009). A dismissal for failure to prosecute constitutes a strike. <u>Smolsky v. Governor's Office of Administration</u>, 990 A.2d 173 (Pa. Cmwlth. 2010). A dismissal on appeal constitutes a strike. <u>Corliss v. Varner</u>, 934 A.2d 748 (Pa. Cmwlth. 2007), *overruled in part as stated in* <u>Lopez v. Haywood</u>, 41 A.3d 184 (Pa. Cmwlth. 2012); <u>Department of Corrections v. Hill</u>, 2009 Pa. Commw. Unpub. LEXIS 753 (2009); <u>see</u> <u>also</u> <u>Ali v. Howard</u>, 353 Fed. Appx. 667 (3d Cir. 2009); <u>Cardona v. United States of America</u>, 2010 U.S. Dist. LEXIS 102437 (M.D. Pa. September 28, 2010); <u>Wolfe v. Zappala</u>, 2009 U.S. Dist. LEXIS 127883 (W.D. Pa. April 6, 2009).

   6. Plaintiff has violated the foregoing provisions by having filed at least three civil actions which were dismissed as frivolous, malicious and/or for failure to state a claim upon which relief may be granted.

   7. In <u>Williams v. Lehman et. al.</u>, CA No. 92-00549, the Court dismissed Plaintiff's complaint as "frivolous." (Docket at ECF No. 5, attached hereto as Exhibit 1). This constitutes a strike.

   8. In <u>Williams v. Lehman et. al.</u>, CA No. 93-01445, the Court dismissed Plaintiff's complaint "as legally frivolous." (Docket at ECF No. 9, attached hereto as Exhibit 2). This also constitutes a strike.

   9. In <u>Williams v. PA-DOC et. al.</u>, 643 Fed.Appx. 105 (3d Cir. 2016), the Court of

Appeals held that the District Court's dismissal of Plaintiff's lawsuit as frivolous was appropriate. This is also a strike.

10. The instant complaint does not reflect any allegation sufficient to bring plaintiff within the exception for "imminent danger of serious physical injury." See Bronson, *supra* and Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001). In Pew v. Glunt, 2015 WL 1951636, at *3 (M.D. Pa. Apr. 28, 2015), the Court determined that "Plaintiff's general allegations, including sleep deprivation, panic attacks, anxiety attacks, exacerbated mental illness, maladaptation syndrome, and head/chest pains, [were] insufficient for § 1915(g) purposes, in that they do not suggest danger that is about to occur at any moment or that is impending." Id., at *3. Here, Plaintiff's only remaining claim pertains to his exposure to tobacco smoke, of which he speaks in general and broad terms. As such, the allegations in his Complaint do not suggest any physical injury and do not satisfy the "imminence" requirement. Abdul-Akbar, *supra*.

WHEREFORE, Defendant Ginter submits that plaintiff's *in forma pauperis* status should be revoked and should he fail to pay the filing fee, this action should be dismissed.

              Respectfully submitted,

              JOSH SHAPIRO
              Attorney General

         By: /s/ Yana L. Warshafsky
              Yana L. Warshafsky
              Deputy Attorney General
              Attorney ID: 312915

| | |
|---|---|
| Office of Attorney General | KELI M. NEARY |
| 1251 Waterfront Place, Mezzanine Level | Chief Deputy Attorney General |
| Pittsburgh, PA 15222 | Civil Litigation Section |
| | |
| Date: February 1, 2019 | Counsel for Defendant |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within *MOTION TO REVOKE IFP STATUS* was served upon the following via first class mail, postage prepaid:

**Smart Communications / PADOC**
**Anthony Williams / AY 6759**
**SCI Houtzdale**
**PO Box 33028**
**St Petersburg, FL 33733**

                                                      By:    /s/ *Yana L. Warshafsky*
                                                                   YANA WARSHAFSKY
                                                                   Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Date:   February 1, 2019